NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—December, 1884.

## TILDEN v. DOWS.

### In the matter of the estate of WILLIAM TILDEN, deceased.

The language of Code Civ. Pro., § 2804,—which allows a person who "is entitled, by the terms of the will," to the payment of money or delivery of property, to proceed against a testamentary trustee for satisfaction,—indicates, even more strongly than that of id., § 2717, relating to executors, etc., a purpose to postpone, until a judicial settlement of the accounts, proceedings to enforce claims made against a testator's estate by persons holding *assignments* of legacies.

Peyser v. Wendt, 2 *Dem.*, 224—compared.

PETITION by Milano C. Tilden, in his own right, and Edward P. Kennard, as assignee, for a decree directing David Dows, and others, executors of decedent's will, to pay a legacy. The petitioner alleged that, "by an assignment dated September 6th, 1884, he assigned to said E. P. Kennard his distributive share in the monies, securities and property in the hands of the executors and trustees under the will of his late father, and all his right, title and interest therein."

J. H. CHOATE, *and* C. E. TRACY, *for executors.*

W. S. McFARLANE, *for petitioner.*

THE SURROGATE.—If the petition of Milano C. Tilden is founded upon § 2717 of the Code of Civil Procedure it must be denied for the reasons stated in Peyser v. Wendt (2 *Dem.*, 224). And the like

reasons compel me to deny it, if it is based upon § 2804.

The only persons, who can be granted the relief which that section provides, are persons "entitled by the terms of the will." This language indicates, even more strongly than does that of § 2717, the purpose of the legislature to postpone, until the executor's or trustee's accounting, any proceedings to enforce claims made against a testator's estate by persons holding assignments of legacies. To hold that the assignee of a legacy is entitled thereto "by the terms of the will" would involve a very forced construction of very plain language. The fact that § 2743, which, by § 2811, is made applicable to testamentary trustees, expressly provides that, in a proceeding for judicial settlement of accounts, the claims of assignees can be considered and determined by the Surrogate is, it seems to me, a circumstance of much significance. It justifies the inference that, if the legislature had designed to extend to assignees the privileges of §§ 2717 and 2804, its intention would have been made manifest, and not hidden in words that certainly seem to convey a contrary meaning.

There are reasons, that readily suggest themselves, why it may have seemed advisable to afford, to the immediate objects of a testator's bounty, summary relief which no persons else, except creditors, are permitted to enjoy. And the fact that, in proceedings under §§ 2717 and 2804, a petitioner is required to cite nobody but the executor or testamentary trustee, and that the Code makes no provision whatever for bringing in any other parties, is a strong argu-

ment in support of the restricted construction that I have put upon those sections.   In proceedings thereunder, it seems to have been the intention of the legislature that no persons should participate, except the applicant himself on the one side, and the legal representative of the estate on the other.   Now, if the right to make the application is confined to those who, in strict sense, are "entitled under the will," to use the language of § 2717, or "entitled by the terms of the will," in the words of § 2804, this limitation in respect to parties is just and reasonable. But it is very unreasonable and unjust, if the expressions above quoted are accorded an interpretation broad enough to include the assignees of a person so entitled.

The case of Beverly B. Tilden does not essentially differ from that just considered.   The instrument creating the trust has in effect constituted Mr. Kennard assignee of Beverly's interest in the estate.

Both petitions must, therefore, be denied.